IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>            Plaintiff,<br><br>    v.<br><br>POSEY,<br><br>            Defendant. | Case No. 18-cr-00408-CRB-1<br><br>**ORDER DENYING COMPASSIONATE RELEASE** |

Karen Posey has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See generally Mot. (dkt. 33). Because Posey has not satisfied the requirements of the applicable Sentencing Commission policy statement, her motion for early release is denied. The Court determines that there is no need for oral argument on this matter.

A reduction in sentence under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after United States v. Booker, 543 U.S. 220 (2005)). The applicable Sentencing Commission policy statement, U.S.S.G. § 1B1.13, directs that a court may only grant compassionate release if it determines that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Section 3142(g) lays out four factors for determining dangerousness: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

The Court finds that Posey would be a danger to the community if released. Posey took

advantage of her position as the finance manager for Sally Swanson Architects, Inc. to steal $253,006 from the company. PSR (dkt. 25) ¶¶ 6–22. Sally Swanson Architects, Inc. is an architecture firm which specializes in making schools and other structures more accessible for disabled individuals. Id. ¶ 6. Posey's criminal history reveals a pattern of exploiting positions of trust to steal from vulnerable victims, including a 1995 conviction for embezzling over $300,000 from a church. Id. ¶¶ 21, 41–42. This Court specifically found there was no hope of rehabilitation when it sentenced Posey to a thirty-six month prison term. See Weingarten Decl. Ex. 1 (dkt. 41-2) 13:4–6. Although these facts do not show that Posey would pose a physical danger to the community if released, they do demonstrate that she poses a grave economic or pecuniary danger. The Ninth Circuit has recognized in an analogous context that economic danger may be a reason to deny pretrial release. United States v. Reynolds, 956 F.2d 192, 192 (9th Cir. 1992). The nature and circumstance of Posey's crime, the evidence against her, her history and characteristics, and the nature and seriousness of the danger she would pose to the community if she were released demonstrate that she is a danger under § 3142(g).

For the foregoing reasons, the motion for compassionate release is denied.

**IT IS SO ORDERED.**

Dated: June 1, 2020

CHARLES R. BREYER
United States District Judge